**D. C. HALL TRANSPORT, Inc.,**
Appellant,

v.

**STRICKLAND TRANSPORTATION CO.,**
Inc., Appellee.

No. 15670.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 23, 1955.

Phinney & Hallman and Ralph W. Pulley, Jr., Dallas, for appellant.

Rawlings, Sayers, Scurlock & Eidson and Nelson Scurlock, Fort Worth, for appellee.

BOYD, Justice.

Appellee Strickland Transportation Co., Inc., recovered judgment against appellant D. C. Hall Transport, Inc., for $2,500 for damages to a trailer owned by appellee but which was damaged by fire while in the possession of appellant under an interchange agreement between the parties. Trial was to the court without a jury.

Appellant and appellee are common carriers and operate motor truck lines in Texas and adjacent states. It is often advantageous for the parties to exchange or interchange trailers in order to facilitate the movement of merchandise. About July 17, 1953, a 1944 Fruehauf van-type trailer belonging to appellee was interchanged with appellant and at the same time one of appellant's trailers was interchanged with appellee. Appellant was obligated to return appellee's trailer in as good condition as it was when received by appellant, with the exception of normal wear and tear. About September 9, 1953, while in appellant's possession, appellee's trailer was damaged by fire. It was admitted that the destruction of the trailer was so complete as to render it a total loss as a vehicle for transporting merchandise; and in response to request for admissions, appellant admitted that it was unable to return the trailer in the same condition as it was when it was interchanged.

Appellant assigns four points of error, which are in substance that the court erred in failing to find and hold that appellee had waived its right to recover damages and was estopped to assert such right.

At appellant's request, findings of fact and conclusions of law were filed. The court found that the trailer had a value of $2,500 immediately before the fire and had no value immediately after the fire. It was further found and held that appellee had not waived its right to recover damages and was not estopped to assert such right.

Appellant bases its claim of waiver and estoppel on several conversations between Hollenshead, its director of maintenance, and Burns and Strickland, appellee's operations manager and president, respectively, together with appellee's "final action" in returning to appellant the trailer which had been interchanged with appellee at the time appellant got possession of the trailer which was damaged.

Hollenshead testified that he advised Burns of the fire, and that appellant had the necessary equipment to repair the trailer, and was willing to do so, and that he asked Burns "what steps did he want us to take," and that Burns said he would notify appellee's insurance carrier and that Hollenshead should take no steps until he was further advised. He further testified that he asked Burns when appellant could expect the return of its trailer, and that Burns told him it would be returned when appellee settled with the insurance company. Hollenshead also testified: that Strickland told him the trailer was insured, and "not to worry about it," and to leave the trailer where it was; that some several weeks or months after these conversations, appellant's trailer had not been returned, and he called Strickland and that Strickland told him appellee had a settlement "with the trailer," and that appellant's trailer would be returned, and it was returned; that when appellant's trailer was returned, he "felt like Strickland was satisfied." "Q. Mr. Hollenshead, you stated that you believed that Strickland was satisfied. Will you tell us what Mr. Strickland said or what Mr. Burns said, either one, that led you to believe that they were satisfied? A. Mr. Strickland told me that the trailer was insured and he would turn it over to his Insurance Company and not to worry about it, that he would return our trailer, so I felt like we had done everything that we could do. * * * Q. Did either one of them ever make a statement to you with reference to whether it would cost D. C. Hall anything or not? A. I wouldn't say that—I don't know just the words of the statement. * * *"

Burns testified that he had never told Hollenshead or anybody else that appellant need not pay for the trailer; that he told Hollenshead that it was appellant's responsibility to pay for it; that he told Hollenshead to let appellant's insurance carrier pay for the trailer and then appellee would return appellant's trailer; that Cloer, appellant's operation manager at Shreveport, told him that appellant would settle for the damaged trailer through its insurance company, and upon that assurance appellant's trailer was returned. Burns testified that he did not remember any discussion with Hollenshead in reference to appellee's having the trailer repaired. Strickland testified that he had said nothing to Hollenshead about releasing appellant from liability for the burned trailer, and that the only conversation he had with Hollenshead was in regard to returning appellant's trailer. Strickland further testified that the trailer could not have been repaired and restored to its condition before the fire, because the steel frame would not have the same strength after the fire, and "You wouldn't dare load a load of freight on it. * * * we have learned that from experience— * * *."

We do not think that either waiver or estoppel has been shown. Waiver is the voluntary relinquishment of a known right. The existence of an intention to waive is a question of fact to be determined by the language and conduct of the parties. Missouri, K. & T. Ry. Co. v. Hendricks, 49 Tex.Civ.App. 314, 108 S.W. 745. The evidence was sufficient to support the finding that appellee had not waived its right to recover damages.

"In 2 Pom.Eq. sec. 804, the following is given as an accurate definition of an estoppel in pais: 'Equitable estoppel in the effect of the voluntary conduct of a party, whereby he is precluded, both at law and in equity, from asserting the rights which might perhaps have otherwise existed, either of property, of contract, or of remedy, as against another person who has in good faith relied upon such conduct, and

has been led thereby to change his position for the worse, and who, on his part, acquires some corresponding right either of property, of contract, or of remedy.'" Edwards v. Dickson, 66 Tex. 613, 2 S.W. 718, 720. "The vital principle is, that he who, by his language or conduct, leads another to do what he would not otherwise have done, shall not subject such person to loss or injury by disappointing the expectations upon which he acted." Dickerson v. Colgrove, 100 U.S. 578, 25 L.Ed. 618. In view of the fact findings, we are unable to find the elements of estoppel in this record.

The judgment is affirmed.